IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| CARLTON HOWARD, | * | |
| | * | |
| Petitioner, | * | |
| | * | |
| VS. | * | CASE NO. 4:06-CV-32 (CDL) |
| | * | 28 U.S.C. § 2254 |
| CYNTHIA NELSON, Warden, | * | |
| | * | |
| Respondent. | * | |

**REPORT AND RECOMMENDATION**

On September 11, 2001, Petitioner was convicted of two counts of child molestation, two counts of aggravated child molestation and two counts of incest. (R-11, Exh. 2, pp. 57-58). He was thereafter sentenced to thirty years of imprisonment. *Id.* Petitioner timely filed a direct appeal to the Georgia Court of Appeals which affirmed his convictions and sentence on May 5, 2003. *See, Howard v. State*, No. A03A0467 (Ga. App. May 5, 2003). On October 7, 2003, the Petitioner filed a state habeas corpus petition in the Mitchell County Superior Court, which was denied on December 13, 2004. (R-11, Exh. 1). Thereafter, on September 20, 2005, the Georgia Supreme Court denied Petitioner's application for a certificate of probable cause to appeal the state court's decision, and on October 24, 2005, the court denied his Motion for Reconsideration. (R- 11, Exh. 4). On March 17, 2006, Petitioner filed his present § 2254 petition. On behalf of the Respondent, the Georgia Attorney General's Office, on May 15, 2006, filed an Answer and Motion To Dismiss Petitioner's § 2254 Motion as barred by the AEDPA statute of limitations.

The AEDPA Period of Limitations

The Anti-Terrorism and Effective Death Penalty Act (hereinafter "AEDPA") was enacted primarily to put an end to the unacceptable delay in the review of prisoners' habeas petitions. "The purpose of the AEDPA is not obscure. It was to eliminate the interminable delays in the execution of state and federal criminal sentences, and the shameful overloading of our federal criminal justice system, produced by various aspects of this Courts habeas corpus jurisdiction." *Hohn v. United States,* 524 U.S. 236, 264-65, 118 S.Ct. 1969 (1998). The AEDPA, which became effective on April 24, 1996, therefore instituted a time bar as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;. . . .
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

(28 U.S.C. § 2244(d).

Under that statute, the limitation period begins to run on "the date on which the judgment became final by the conclusion of **direct review** or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(a)(A). (emphasis added). In *Kaufmann v. United States,* 282 F.3d 1336 (11th Cir. 2002), *cert. denied,* 123 S. Ct. 286 (2002), the Eleventh Circuit Court of Appeals joined other Circuits in holding that the AEDPA provides,

*inter alia,* that a habeas petition may not be filed more than one year from the "date on which the judgment becomes *final."* *Id*. at 1339.  The *Kaufmann* Court stated:

> We are persuaded by the fact that the Supreme Court has expressly defined when a conviction becomes "final," albeit prior to the enactment of AEDPA. *See Griffith v. Kentucky,* 479 U.S. 314, 107 S. Ct. 708 (1987).  In *Griffith,* the Court stated: "By *final,* we mean a case in which a judgment of conviction has been rendered, that availability of appeal exhausted, and the time for a petition for certiorari elapsed or a petition for certiorari finally denied." *Id.* at 321 n.6, 107 S. Ct. 708 (emphasis added).

*Id*. at 1338.

Respondent is correct in that Petitioner's instant petition is untimely under 28 U.S.C. § 2244(d).  Pursuant to Georgia Supreme Court Rule 38(1), Petitioner had 10 days after judgment in the Court of Appeals, on May 5, 2003, within which to file an application for *writ of certiorari* to the Georgia Supreme Court.   Since Petitioner did not seek State *certiorari,* his judgment of conviction became final on May 15, 2003, under Georgia Supreme Court Rule 38(1).  Therefore, the AEDPA statute of limitations began to run on Petitioner's § 2254 action on May 15, 2003.

Petitioner thereafter filed his state habeas claim on October 7, 2003, allowing 145 days of his one year (365 day) limitations period to run, leaving him 220 days within which he could have timely filed his federal habeas application. The filing of his state habeas claim tolled the limitations period until December 13, 2004, when the Mitchell County Superior Court denied his state habeas petition.  Petitioner's motion for certificate of probable cause to appeal, filed with the Georgia Supreme Court, was dismissed as it was filed out of time.

The AEDPA one year limitations period, provides that "the time during which a *properly filed* application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is *pending* shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2) (emphasis added). The United States Supreme Court, held that "... an application is "*properly* filed" when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, *the time limits upon its delivery*, the court and office in which it must be lodged, and the requisite filing fee." *Artuz v. Bennett*, 321 U.S. 4 (2000) (emphasis added). The Eleventh Circuit has further held that "[E]ven prior to *Artuz,* this Court held that a petitioner's state post-conviction application must meet state filing deadlines in order to toll AEDPA's one-year limitation period." *Wade v. Battle,* 379 F.3d 1254, 1260 (11th Cir. 2004); citing *Webster v. Moore,* 199 F.3d 1256, 1258 (11th Cir. 2000).

Based on the foregoing, the Petitioner did not "properly file" his application for certificate of probable cause to appeal, and therefore, the limitations period was not tolled. Hence, Petitioner's limitations period resumed running after December 13, 2004, and expired on July 24, 2005, when the untolled 220 days of his limitation's period passed.[1]  Petitioner

---

[1] In *Justice v. United States,* 6 F. 3d 1474 (1993), the Eleventh Circuit Court of Appeals held that " when time bar is suspended because of equitable tolling and begins to run upon happening of subsequent events, the time remaining is calculated by subtracting from the full limitations period whatever time ran before the clock was stopped." *Justice,* at 1478.

4

did not file his § 2254 petition until March 17, 2006, 240 days after his AEDPA period of limitations had expired.

In his Reply to Respondent's Motion to Dismiss (R-12), Petitioner Howard indicated that he was aware that his petition was untimely. He states that he "amends his grounds for relief by adding procedural miscarriage of justice." Citing *Schlup v. Delo*, 513 U.S. 298, 321 (1995), Petitioner Howard argues, "Under the fundamental miscarriage of justice exception to the procedural default rule, a Procedural default will be excused on habeas review if the constitutional violation has probably resulted in the conviction of one who is actually innocent." However, Petitioner Howard does not suggest that there is newly discovered evidence, nor does he proffer any specific claim of his actual innocence. He seeks to have the court review his time-barred claims saying, "I did not do it. Therefore, it would be a fundamental miscarriage of justice if you could not hear about the constitutional errors at my trial." This is the extent of his claim of actual innocence, made here for the first time to aviod application of the AEDPA statute of limitations.

In *Schlup v. Delo*, 513 U.S. 298, 115 S.Ct. 851 (1995), the Supreme Court addressed the question of when a habeas petitioner can use a contention of actual innocence to excuse a procedural default of a claim so that the district court can review the merits of that claim.[2] The Court stated that "[w]ithout any new evidence of innocence, even the existence of a

---

[2] The petitioner in Schlup filed a second federal petition alleging, for the first time, that constitutional error, namely ineffective assistance of trial counsel, deprived the jury of critical evidence that would have established his innocence (i.e., counsel's failure to call certain alibi witnesses at trial).

concededly meritorious constitutional violation is not in itself sufficient to establish a miscarriage of justice that would allow a habeas court to reach the merits of a barred claim. However, if a petitioner . . . presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of non-harmless constitutional error, the petitioner should be allowed to pass through the gateway and argue the merits of his underlying claims." *Id*. at 316.

The Eleventh Circuit has recently held in *Johnson v. Hooks*, that

> To make a showing of actual innocence, the petitioner must establish that a constitutional violation has probably resulted in the conviction of one who is actually innocent. *Sibley v. Culliver,* 377 F.3d 1196, 1205 (11th Cir.2004). "To meet this standard, a petitioner must demonstrate that it is more likely than not that no reasonable juror would have convicted him of the underlying offense." *Johnson v. Alabama,* 256 F.3d 1156, 1171 (11th Cir.2001) (quotations omitted); *see also Sibley,* 377 F.3d at 1205. To accomplish this, the petitioner must offer reliable evidence that was not presented at trial. *Johnson,* 256 F.3d at 1171.
>
> Here, the record before the district court was sufficient to enable the court to conclude that petitioner failed to meet the "actual innocence" exception. Included in the record were the state appellate court's opinion, the affidavits from the additional witnesses, the reports, and the recorded statements that were submitted with petitioner's traverse. We give deference to the facts set out in the state appellate court's opinion and presume them to be correct because petitioner Johnson failed to prove them incorrect by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

*Johnson v. Hooks*, 138 Fed.Appx. 207.

In Petitioner Howard's case, he has presented no evidence whatsoever that would establish that it is more likely than not that no reasonable juror would have convicted him. *See, Schlup*, at 318-319. As the Eleventh Circuit stated in *Sibley v. Culliver,* 377 F.3d 1196, 1205 (11th Cir.2004), an "actual innocence claim is hindered at the onset by a fatal shortcoming--[petitioner] has not presented any actual evidence." *Sibley,* 377 F.3d at 1206. A review of the state appellate court's decision, as well as the state habeas court's decision, reveals no attempt by Petitioner to present evidence of actual innocence.

WHEREFORE, IT IS RECOMMENDED that Respondent's Motion to Dismiss be GRANTED and Petitioner's Application for Federal Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 be DISMISSED. Pursuant to 28 U.S.C. § 636 (b)(1), Petitioner may serve and file written objections to this Recommendation with the UNITED STATES DISTRICT JUDGE, WITHIN TEN (10) DAYS after being served with a copy hereof.

SO RECOMMENDED this 20th day of June, 2006.

        S/G. MALLON FAIRCLOTH
        UNITED STATES MAGISTRATE JUDGE

sWe